JOHN KAVALE, Defendant in Error, *vs.* THE MORTON SALT
COMPANY, Plaintiff in Error.

*Opinion filed February 24, 1928—Rehearing denied April 10, 1928.*

1. NEGLIGENCE—*when question of liability of master is prop-
erly submitted to jury.* In an action for personal injuries, the un-
disputed fact that the defendant's employee ran into the plaintiff
with his master's truck raises a *prima facie* case of liability of the
master, and the question of the defendant master's liability is prop-
erly submitted to the jury where the defendant's evidence, intro-
duced to prove that the employee was not in the service of the
master at the time of the accident, is contradicted by the plaintiff's
witnesses; and the Supreme Court reviewing a judgment of the
Appellate Court affirming a judgment for the plaintiff cannot weigh
the evidence.

2. EVIDENCE—*when jury may disregard testimony of a witness.*
The jury must judge the credibility of witnesses, and where the
testimony of a witness has been disputed in a material matter or
is inherently improbable, the jury is not required to believe such
witness even though such contradiction of his testimony has not
been direct.

3. SAME—*skiagraphs may be taken to jury room.* While skia-
graphs must be identified as true representations of their subject
and they cannot be received in evidence until proper proof of their
correctness and accuracy is produced, when properly in evidence
they may be taken by the jury under section 76 of the Practice act,
and, where no objection has been offered to their introduction, al-
lowing the jury to take them cannot be regarded as error on the
ground that they are not intelligible to the average juror.

WRIT OF ERROR to the Third Division of the Appellate
Court for the First District;—heard in that court on appeal
from the Superior Court of Cook county; the Hon. JESSE
HOLDOM, Judge, presiding.

KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH
KIRKLAND, JOSEPH D. RYAN, and WILLIAM H. SYMMES,
of counsel,) for plaintiff in error.

SCHUYLER, ETTELSON & WEINFELD, (WILLIAM C. GRAVES, EDWARD J. HENNESSY, CARL J. APPELL, and GEORGE W. D. LEDERER, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here by writ of *certiorari* to review the judgment of the Appellate Court affirming a judgment for $31,000 entered by the superior court of Cook county in an action in tort brought by defendant in error.

The undisputed facts are, that on Saturday, October 27, 1923, about 3:15 P. M., at the corner of Twenty-second street and Wabash avenue, in the city of Chicago, defendant in error was run down by a truck owned by plaintiff in error and driven by its chauffeur, Joseph Fotre. Defendant in error, with a number of other persons, was about to enter a street car on Twenty-second street. This car was headed west on Twenty-second street just west of Wabash avenue. The street car line on Twenty-second street extends only to the west side of Wabash avenue. The street cars using that track turn back at that point. A street car had arrived from the west, and as the motorman was turning the trolley preparatory to a return west, Fotre drove plaintiff in error's truck, a large machine of seven and one-half tons' capacity, from Wabash avenue into the crowd. One woman was killed and two others badly injured. Defendant in error was knocked down and a wheel passed over his left leg, causing a compound fracture of both bones. His left hand and arm were caught in the drive chain of the truck, resulting in a compound fracture of the metacarpal bones and of both bones of the left forearm. He was in a hospital for a period of six months, and for more than four months thereafter was unable to leave his bed. Wabash avenue extends north and south in the city of Chicago. Twenty-second street extends east and west and crosses Wabash avenue at right angles. The distance

from the west line of Wabash avenue to the east end of the Twenty-second street car track is variously estimated by the witnesses to be from 40 to 75 feet.

The declaration consists of fourteen original counts and two additional counts, charging various grounds of negligence. Plaintiff in error filed the general issue and special pleas denying the allegations of the various counts of the declaration, denying possession of the truck or the management and control of the same, and·averring that the truck at that time was not being operated for the use of plaintiff in error. On the hearing no denial was made of the ownership of the truck. The defense offered was that Fotre was not in the service of plaintiff in error at the time of the injury but was on an expedition of his own, and that the rule of *respondeat superior* does not apply. Plaintiff in error at the close of plaintiff's evidence and at the close of all the evidence moved for an instruction requiring that the jury return a verdict of not guilty. These motions were denied, and plaintiff in error has assigned error on those rulings of the court. This is the principal issue here. On appeal to the Appellate Court the judgment was affirmed.

There are but two questions involved in this review: First, whether there is in this record any evidence fairly tending to support the plaintiff's case; and second, errors in the admission of evidence.

It is urged in support of the first point that the trial court should have directed a verdict in accordance with the motions filed by plaintiff in error. The ownership of the truck was not denied on the trial or that Fotre was an employee of plaintiff in error, and it is conceded by counsel that in that condition of the record the presumption arises that at the time of the injury complained of he was running the machine in the master's service. But it is argued that the evidence that Fotre was outside the duties pertaining to his master's business is uncontradicted, and establishes the fact of his departure from his master's service so

clearly that the trial court should have held, as a matter of law, on the whole evidence, that such facts were shown and should have instructed the jury to find the issues for the defendant. It is argued that the record contains no evidence that at the time of the injury Fotre was engaged in his master's business, and since this is so, the *prima facie* case made by plaintiff exists as such only because of the presumption and is entirely overcome by defendant's uncontradicted evidence. This evidence was given by Fotre. He testified that about twelve o'clock he left the yard of plaintiff in error, which is located at the foot of Water street, on the east side of Wabash avenue, in the city of Chicago, and drove south on Wabash avenue to Sixteenth street, where he and a man named Dominick, who was with him, stopped to get lunch; that before he left the yard of plaintiff in error he was told that there were no further orders for him and for him to "pull in." It appears from the evidence that this was Saturday afternoon, and that the truck drivers were not expected to work on that afternoon. Fotre also testified that he had a load of wood or discarded lumber left over from a remodeling of the plant of plaintiff in error which he was taking to the home of another employee of plaintiff in error, and that the trucks were kept in a garage at 2625 South Wabash avenue. He further testified that after stopping at Sixteenth street for something to eat, he and Dominick, who he testified worked in the yard with him, drove down Wabash avenue to Twenty-third street and west on Twenty-third street to Wentworth avenue, a distance of five blocks, where he delivered this load of wood. He was unable to give the name of the party to whom he delivered the wood and gave no identification of him other than saying that he was employed by plaintiff in error and lived on Twenty-third street just west of Wentworth avenue. That party did not appear as a witness and the record does not disclose his identity. Fotre testified that after he had delivered the wood they drove north on Went-

worth avenue one-half block to Alexander street and turned west a short distance to the house where Dominick boarded; that there they had something to eat and a glass of wine or two and stayed about an hour and a half, when they started to go to a barber shop on Twenty-third street, between Wabash avenue and State street. State street is the first street west of Wabash avenue. He stated that they drove east on Alexander street to Wentworth avenue, south on Wentworth avenue to Twenty-third street, then east on Twenty-third street toward Wabash avenue. As the barber shop to which they were going was crowded, they decided to go back to Wentworth avenue, and continued east on Twenty-third street to Wabash avenue, then north to Twenty-second street and had just turned off Wabash avenue onto Twenty-second street when the accident happened.

Dominick was not called as a witness. Plaintiff in error's evidence showed that some effort had been made to find him a day or two before the trial but that his whereabouts had not been ascertained. This was all the evidence of Fotre's activities prior to the accident.

Counsel for plaintiff in error contend that the evidence establishes that Fotre was not serving his master at the time of the injury but was on business of his own, and that as that evidence is uncontradicted plaintiff in error was entitled to a directed verdict. Counsel for defendant in error, on the other hand, contend that Fotre's testimony was not only contradicted in material points but that it was also in material points inherently improbable; that Fotre was drunk when the accident occurred; that he first committed himself to the story he told on the witness stand at the police station on the evening of the accident, at which time he was shown to be still intoxicated, and that no reliance can be placed on his story, and the jury were therefore justified in disbelieving it. It is further urged that because of these facts the court would not have been justified in telling the jury that his story was true.

329—29

The evidence of the defendant in error, by three witnesses, is that Fotre did not approach Twenty-second street from the south but turned onto that street from the north. One of these witnesses was William Schmidt, the street car motorman. Another, Margaret Nielson, testified that she was there to take the street car and saw Fotre coming down Wabash avenue from the north. The third was James B. Howe, who testified that he was driving north on Wabash avenue and had just reached the intersection of Twenty-second when the truck turned west. All of these witnesses state positively that they saw the truck coming from the north and that it turned west on Twenty-second street and ran into the crowd of people standing there. If Fotre was traveling north on Wabash avenue when he started to turn west on Twenty-second street he was going away from the place where he was to put the truck. On the other hand, if he was traveling south on Wabash at that time he was going toward the garage. The testimony of William Floreida and Hal Gibson, shipping clerk and assistant shipping clerk of plaintiff in error, who were called by plaintiff in error, is, that on this day when Fotre left the yard of plaintiff in error he had no wood in his truck; that while wood of that character was occasionally given to employees and permission usually given to take it in the trucks when they were not being used for the company's business, yet that was not done without permission, and that no such permission was given Fotre on that day. Both of these witnesses testified that they saw this truck leave the yard of plaintiff in error and that they saw no wood in it at that time. While the testimony of these witnesses was doubtless offered to show that as no wood was taken by Fotre on this day from the yard of plaintiff in error he could not be said to be in the business of plaintiff in error in delivering such wood, such evidence also disputes Fotre in a material part of his testimony concerning the delivery of such wood at Wentworth avenue and Twenty-third street—a point five blocks

west of the street on which the garage is located. If he had no wood in his truck, obviously he delivered none. The weight of the evidence in this record is that just before turning onto Twenty-second street Fotre drove down Wabash avenue from the north, and not from the south as he testified. This tends to contradict his testimony that he was in the neighborhood of Wentworth avenue and Twenty-third street. On cross-examination he was asked if he did not turn onto Twenty-second street for the purpose of going one block west to State street, then four blocks south on that street and back to Wabash avenue to the garage. He stated that he did not have such intention, but also stated that Wabash avenue south of Twenty-second street is much narrower than the portion north of Twenty-second street; that State street south of Twenty-second street is a wider street than Wabash avenue south of that point; that when he had a load he sometimes drove over to State street and then south, because there were many families of colored people living on Wabash avenue south of Twenty-second street and numerous children were on the street and likely to attempt to ride on the rear end of the truck. Fotre did not know the name of the employee to whom he said he delivered the wood. The evidence shows that he was intoxicated at the time of the injury and later that evening when he made a statement to the police officer at the police station. He stated that there were present that evening his wife and others, including the superintendent of plaintiff in error. We are of the opinion that the record disputes in material matters the testimony of Fotre.

This court has nothing to do with the weight of the testimony. That matter is settled in the Appellate Court. But we are unable to say from an examination of the record that the trial court would have been justified in holding, as a matter of law, that the *prima facie* case made by defendant in error had been overcome. The jury is to judge the credibility of witnesses, and where the testimony

of a witness has been disputed in a material matter or is inherently improbable, the jury is not required to believe such witness even though such contradiction of his testimony has not been direct. (*Kelly* v. *Jones,* 290 Ill. 375; *Kuehne* v. *Malach,* 286 id. 120; *Stephens* v. *Hoffman,* 275 id. 497.) Aside from the testimony of Fotre the record is barren of any evidence to overcome the presumption that Fotre was in his master's service when the injury to defendant in error took place. From the contradictions in the testimony of Fotre in material particulars herein referred to, we are of the opinion that the question of the credibility of his evidence as a whole and whether the defense was established by evidence were matters properly left to the jury, and that the trial court and the Appellate Court did not err in so holding.

It is also contended that it was error to permit certain skiagraphs or X-ray films to be taken to the jury room. These skiagraphs were introduced in evidence and explained and no objection was offered to their introduction, but the contention is that they are not intelligible to the average juror and therefore should not have been taken into the jury room. Of course, if they were not intelligible to the jury no injury to plaintiff in error could have arisen. If counsel felt that such was true they might have objected to the introduction of them in evidence or required an explanation. Section 76 of the Practice act (Smith's Stat. 1927, p. 2081,) provides that "papers read in evidence, other than depositions, may be carried from the bar by the jury." This section has been construed to permit the jury to take with them skiagraphs introduced in evidence. (*Chicago and Joliet Electric Railway Co.* v. *Spence,* 213 Ill. 220.) Skiagraphs must be identified as true representations of their subject, as is the rule with reference to photographs by a camera, and they cannot be received in evidence until proper proof of their correctness and accuracy is produced. (*Stevens* v. *Illinois Central Railroad Co.* 306 Ill. 370.)

This court has not held, as a matter of law or fact, that all skiagraphs are unintelligible. We are of the opinion that the trial court did not err in permitting them to be taken by the jury.

Since it cannot be held, as a matter of law, that the testimony of Fotre overcame the *prima facie* case made by defendant in error, the cause was properly submitted to the jury, and the Appellate Court did not err in so holding.

The judgment of the Appellate Court is therefore affirmed.

                                    *Judgment affirmed.*