Jerry Norris BERRY, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 76705.

Supreme Court of Missouri,
En Banc.

Oct. 25, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Joseph V. Neill, St. Louis, for respondent.

COVINGTON, Chief Justice.

The Director of Revenue revoked Jerry Norris Berry's driver's license for one year because of Berry's refusal to submit to a chemical test pursuant to § 577.041, RSMo Supp.1992, to determine his blood alcohol content. The trial court reversed the director's decision and ordered the reinstatement of Berry's license. The Missouri Court of Appeals, Eastern District, affirmed. This Court granted transfer. Reversed.

On July 24, 1992, Berry drove his pickup truck off the road, across the shoulder, and into an embankment where the truck flipped over. A police officer who arrived to investigate the incident testified that he smelled alcohol on Berry's breath, that Berry's eyes were watery, that he resisted giving information to the officer and medical personnel, and that the pickup truck contained seven beer cans, four of them full. The officer testified that Berry did not cooperate with him or with medical personnel who arrived on the scene. The officer arrested Berry at the hospital for driving while intoxicated. According to the officer, after informing Berry of his *Miranda*[1] rights and the terms of the implied consent law, § 577.041, RSMo Supp. 1992, the officer more than once requested a blood sample. The officer testified that Ber-

---

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ry refused, each time stating that he knew his rights and that the officer did not have the right to question him at the hospital. The officer testified that Berry appeared coherent and engaged in a normal conversation with a hospital technician in the officer's presence.

Berry testified that he crashed his truck only after a car in front of him cut him off. Although he denied any vivid recollection of the accident scene, Berry remembered being dragged from the vehicle and talking with doctors and his wife at the hospital. He testified that he did not recall having talked with the officer at the accident scene or the hospital. He testified that he did not remember the officer's requesting a chemical test, and that he did not recall refusing. He claimed his memory lapses were a consequence of having passed out from the pain of the injuries he sustained in the accident, including a broken arm and a head contusion. He testified that he underwent an operation on his arm but did not claim to have received any treatment for a head injury.

The issues on appeal require construction of § 577.041, RSMo Supp.1992, which provides in pertinent part:

1. If a person under arrest refuses upon the request of the arresting officer to submit to any [chemical] test allowed under section 577.020, then none shall be given and evidence of the refusal shall be admissable in a proceeding under section 577.010 or 577.012. The request of the arresting officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may be used against him and that his license may be revoked upon his refusal to take the test. . . . Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year. . . .

2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecu-

tor shall appear at the hearing on behalf of the arresting officer. At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.

■ Berry first contends that because of his injuries he was not physically able to refuse a chemical test within the meaning of § 577.041. He invokes § 577.033, RSMo 1986, which specifically recognizes the possibility that a driver may be "unconscious or . . . otherwise in a condition rendering him incapable of refusing to take a test."

Berry's contention is without merit. In *Cartwright v. Director of Revenue*, 824 S.W.2d 38 (Mo.App.1991), police happened upon a one car accident and extricated Cartwright, the vehicle's only occupant. *Id.* at 39. Cartwright appeared intoxicated and admitted driving the vehicle. *Id.* At the hospital, police arrested Cartwright and requested that he consent to the taking of a blood sample. *Id.* Cartwright refused. *Id.* In the trial court, Cartwright stated that, because of his injuries, he did not remember having talked to a police officer or having refused to submit to a test. *Id.* The *Cartwright* court applied an objective test, holding that Cartwright's testimony that he did not remember talking to the officer or refusing to take a test was immaterial to whether he refused. *Id.* at 41. Since the sole evidence of Cartwright's refusal to submit to a chemical test came from the officer, there was no evidence in the record to support a finding that Cartwright did not refuse the test. *Id.* Cartwright's license was, therefore, properly revoked. *Id.*

The present case is indistinguishable from *Cartwright*. Applying the objective test of *Cartwright*, the sole evidence of record on

the issue of whether Berry refused a chemical test is the officer's testimony that Berry refused to submit to a chemical test. The judgment of the trial court is, therefore, unsupported by substantial evidence and must be reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■■■ Berry contends in the alternative that, even if this Court concludes that his refusal of the chemical test was valid, the order of the trial court should be upheld because the trial court implicitly found that there were no reasonable grounds for the arresting officer to believe that Berry had been driving while intoxicated. When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court is limited to determining whether the person was arrested, whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and whether the person refused to submit to the test. *Epperson v. Director of Revenue*, 841 S.W.2d 252, 254 (Mo.App.1992); § 577.041.2, RSMo Supp.1992. If the trial court determines that one or more of these criteria has not been met, it is required to order the reinstatement of driving privileges. *Epperson*, 841 S.W.2d at 254; § 577.041.2, RSMo Supp.1992. The trial court has the prerogative to accept or reject all, part, or none of the testimony. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). The judgment is to be affirmed under any reasonable theory supported by the evidence. *Coleman v. Coleman*, 823 S.W.2d 6, 8 (Mo.App.1991). Berry points to the rule that, on appeal, all fact issues are deemed to have been found in accordance with the result reached. *See Dudenhoeffer v. Director of Revenue*, 780 S.W.2d 701, 702 (Mo.App.1989). A finding that the arresting officer lacked probable cause, Berry submits, would be in accordance with the trial court's order.

■■■ Berry's contention fails. The evidence at trial was not in conflict on the issue of whether the officer had probable cause to arrest Berry for driving while intoxicated. Berry denied having any vivid memories of the accident scene. The arresting officer testified that Berry had alcohol on his breath, his eyes were watery, and his speech was slurred. The officer and Berry both testified that there were empty beer cans in Berry's truck. Because there is no support in the record for a finding that the officer lacked reasonable grounds to arrest Berry, the judgment cannot be affirmed on this basis.

The judgment of the trial court is reversed and the cause remanded for entry of a judgment reinstating the suspension of respondent's driving privileges.

All concur.