Benny D. BOLLINGER, Respondent,

v.

Janette M. LOHMAN, Director of
Revenue, State of Missouri,
Appellant.

No. 21030.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 10, 1997.

Jeremiah (Jay) Nixon, Attorney General, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

CROW, Presiding Judge.

The Director of Revenue ("Director") suspended the driver's license of Benny D. Bollinger ("Bollinger") per § 302.505.1.[1] The suspension was sustained on administrative review under § 302.530.

Bollinger then filed a petition for trial de novo. § 302.535. All of the evidence at trial was presented by Director and consisted entirely of documents, received without objection by Bollinger.

The evidence established that a trooper of the Missouri State Highway Patrol arrested Bollinger on January 12, 1996, for driving while intoxicated. Using a "BAC DataMaster," the trooper obtained a "breath analysis" revealing Bollinger had a "blood alcohol concentration by weight" of .15 percent.

The trial court's findings included these:

"3) That the documents offered by [Director] show a six (6) digit number as the serial number for the subject breathalyzer but the exact numbers are not legible on the BAC DataMaster Evidence Ticket or on page 3 of the Alcohol Influence Report.

4) That the maintenance report submitted by [Director] refers to a machine with a five (5) digit serial number.

5) That [Director] has failed to prove that the machine used to test [Bollinger] is one and the same as the machine certified by the officer is [sic] the alcohol influence report.

6) That [Director] has not shown that the maintenance report which refers to an instrument with a five (5) digit serial number is the report related to the instrument on which [Bollinger] was tested and [Director] has failed to meet the requirements of 19 C.S.R. 20–30.031(3)." [2]

The trial court entered judgment ordering Director "to remove the suspension from [Bollinger's] driving record."

Director appeals. Her sole point relied on is:

"The court below erred in setting aside the suspension of [Bollinger's] license on the grounds that [Director] did not prove up maintenance because [Director] was not required to prove up said foundational issue, in that [Bollinger] failed to object to the introduction of the test result."

The scope of appellate review set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976), applies in this appeal. *Von Filer v. Director of Revenue,* 893 S.W.2d 850, 852[1] (Mo.App.S.D.1995). The judgment of the trial court will be sustained unless there

1. References to statutes are to RSMo 1994. Section 302.505.1 authorizes Director to suspend or revoke the driver's license of any person upon a determination that such person was arrested upon probable cause to believe he was driving a motor vehicle "while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood. . . ."

2. Missouri courts are authorized by § 536.031.5 to take judicial notice of the contents of the Code of State Regulations ("CSR"). 19 CSR 20–30.031(3) reads:

"A Type II permittee shall perform maintenance checks on breath analyzers under his/her supervision at intervals not to exceed thirty-five (35) days. The permittee shall retain the original report of the maintenance check and submit a copy of the report so that it shall be received by the department within fifteen (15) days from the date the maintenance check was performed. . . ."

is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

Bollinger has filed no brief. While there is no penalty for that omission, we must adjudicate Director's claim of error without the benefit of whatever argument, if any, Bollinger could have made in response to it. *Fitzgerald v. Director of Revenue,* 922 S.W.2d 478, 479 n. 3 (Mo.App.S.D.1996).

One of the cases cited by Director is *Reinert v. Director of Revenue,* 894 S.W.2d 162 (Mo. banc 1995). It, like the instant case, was an appeal by Director from a judgment reinstating a driver's license after trial de novo. *Id.* at 163–64. In *Reinert,* the arresting officer testified without objection that a "breath alcohol test" indicated the driver had a "blood alcohol level of .211 percent." *Id.* at 163.

When Director in *Reinert* offered the maintenance report for the breath analysis device in evidence, the driver objected. *Id.* at 164. The trial court sustained the objection; that ruling was evidently the basis for the judgment reinstating the license.

The Supreme Court of Missouri held admission of the maintenance report was unnecessary. *Id.* The opinion explained that although one of the requirements for admission of the result of a breath alcohol test is proof that the device used in the test was properly maintained, such proof is unnecessary if the test result is received in evidence without objection. *Id.* The Court pointed out: "When evidence of one of the issues in the case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection." *Id.* at [2]. Consequently, held *Reinert,* the trial court should have considered the evidence regarding the driver's blood alcohol content. *Id.* The judgment

was reversed and the case was remanded so the trial court could consider that evidence and rule anew.

In the instant case, the trial court's findings, quoted *supra,* indicate the court believed Director was required to prove that the "BAC DataMaster" used by the trooper to measure the alcohol concentration in Bollinger's breath was maintained in compliance with 19 CSR 20–30.031(3),[3] and that failure to do so was fatal to Director as a matter of law. That belief is erroneous.

While such proof is normally a prerequisite for admission of the result of the test, such proof was unnecessary in the instant case because the test result was received without objection by Bollinger. *Reinert,* 894 S.W.2d at 164. Therefore, the evidence that the test showed Bollinger had a "blood alcohol concentration by weight" of .15 percent was properly before the trial court despite the flaw in Director's proof of compliance with 19 CSR 20–30.031(3).

Furthermore, the trooper's report (one of the documents received in evidence without objection) shows the "BAC DataMaster" was "set up properly" and the trooper complied with every step on the checklist for conducting the test.

In addition to that evidence, the trooper's report shows (a) one of the reasons he stopped Bollinger's vehicle was because Bollinger "failed to drive on the right half of the roadway," (b) the trooper smelled an odor of intoxicants emanating from Bollinger, (c) Bollinger admitted he had been drinking, and (d) Bollinger's performance on a field sobriety test led the trooper to conclude Bollinger was intoxicated.

The evidence in the three preceding paragraphs, although entirely documentary, was uncontradicted. Nothing in the trial court's findings indicates the court found any of the evidence unworthy of belief.[4] As we have seen, the judgment was evidently based on a

3. Footnote 2, *supra.*

4. Where the facts are derived solely from written documents, an appellate court does not defer to the trial court's assessment of credibility. *Farm-*

mistake of law, i.e., the trial court apparently believed the flaw in Director's proof that the "BAC DataMaster" was maintained in compliance with 19 CSR 20–30.031(3) mandated reversal of the suspension of Bollinger's license.

In *Berry v. Director of Revenue,* 885 S.W.2d 326 (Mo. banc 1994), Director revoked a driver's license because the driver refused to submit to a chemical test pursuant to § 577.041, RSMo Supp.1992, to determine his "blood alcohol content." The trial court reversed Director's decision and ordered reinstatement of the license. On appeal by Director, the driver argued that the judgment should be affirmed because the trial court implicitly found there were no reasonable grounds for the arresting officer to believe the driver was driving while intoxicated. *Id.* at 328.

The Supreme Court rejected the argument, saying:

> "The evidence at trial was not in conflict on the issue of whether the officer had probable cause to arrest [the driver] for driving while intoxicated. [The driver] denied having any vivid memories of the accident scene. The arresting officer testified that [the driver] had alcohol on his breath, his eyes were watery, and his speech was slurred.... Because there is no support in the record for a finding that the officer lacked reasonable grounds to arrest [the driver], the judgment cannot be affirmed on this basis." *Id.*

The Supreme Court reversed the judgment and remanded the case to the trial court for entry of a judgment reinstating Director's revocation of the driver's license. *Id.*

Like *Berry,* the evidence in the instant case supports only one finding. That finding is that the trooper arrested Bollinger upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood or breath was ten-hundredths of one percent or more by weight.[5] There is no evidence to support any other finding.

Consistent with *Berry,* we reverse the judgment, remand the case to the trial court, and direct the trial court to enter judgment affirming Director's suspension of Bollinger's driver's license.

MONTGOMERY, C.J., and PARRISH, J., concur.

---

*ers and Merchants Insurance Co. v. Harris,* 814 S.W.2d 332, 334[3] (Mo.App.S.D.1991). In the instant case we find the documents credible, hence we would have given no deference to a contrary finding by the trial court had one been made.

5. Section 302.505.1, footnote 1, *supra.*