**Angela L. SIMMONS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 22743.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 26, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Guy H. Richardson, Poplar Bluff, for Respondent.

CROW, Presiding Judge.

On January 7, 1998, Corporal B.G. Matthews of the Missouri State Highway Patrol arrested Angela L. Simmons for driving while intoxicated. Matthews[1] requested Simmons to submit to a chemical test of her breath for the purpose of determining the alcohol content of her blood. *See:* § 577.020.[2] Simmons refused. Consequently, the Director of Revenue ("Director") revoked Simmons's license to operate a motor vehicle for one year. *See:* § 577.041.

Simmons petitioned for a hearing under § 577.041.4. At the hearing, Director (represented by an assistant prosecuting attorney, § 577.041.4) presented one witness: Matthews. Simmons presented no evidence other than testimony adduced from Matthews by her lawyer on cross-examination.

The statute authorizing the hearing, § 577.041, provides, *inter alia:*

"4.... At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

5. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive."

Following the hearing, the trial court announced it would "take this matter under advisement[.]"

The trial court ultimately entered judgment setting aside Director's revocation of Simmons's license.[3] The judgment was predicated on a finding that Matthews's arrest of Simmons "was not based upon reasonable grounds to believe that [Simmons] was operating a motor vehicle while in an intoxicated condition."

Director appeals from that judgment.

In *Berry v. Director of Revenue,* 885 S.W.2d 326 (Mo. banc 1994), Director revoked a driver's license for one year pursuant to an earlier version of § 577.041. *Id.* There, as here, the trial court vacated the revocation and ordered reinstatement of the license. *Id.* On appeal by Director, the driver argued, *inter alia,* that the trial court implicitly found there were no reasonable grounds for the arresting officer to believe the driver was driving while intoxicated. *Id.* at 328.

The opinion in *Berry* explained that the trial court had the prerogative to accept or reject all, part, or none of the testimony, and that the judgment was to be affirmed under any reasonable theory supported by the evidence. *Id.* Nonetheless, the Supreme Court reversed the trial court because, according to the Supreme Court, there was no evidentiary support in the record for a finding that the arresting officer lacked reasonable grounds to arrest the driver for driving while intoxicated. *Id.* That is the issue framed by § 577.041.4(2)—the same issue the trial court in the instant case resolved against Director.

■ Accordingly, this court's task is to determine whether Director is correct in maintaining there was no evidentiary support for the trial court's finding that Matthews's arrest of Simmons was not based

1. For brevity and clarity, this opinion refers to Corporal Matthews and Ms. Simmons by their respective surnames. No disrespect is intended.

2. References to statutes are to RSMo Cum. Supp.1997 except where otherwise indicated.

3. The judgment was entered November 9, 1998. During the interval between the hearing and entry of judgment, § 577.041 was amended; however, the amendments do not affect any issue in this appeal. Accordingly, as set forth in footnote 2, *supra,* references to statutes in this opinion are to RSMo Cum. Supp.1997 except where otherwise indicated.

on reasonable grounds to believe she was operating a motor vehicle while in an intoxicated condition.

In the trial court, Simmons challenged the sufficiency of Director's evidence in two respects. Simmons's first attack was that Matthews's testimony was insufficient to support a finding that he had reasonable grounds to believe Simmons was driving the vehicle.

Matthews recounted that he arrived at the scene of a "one-vehicle accident" at 12:55 a.m., January 7, 1998. The site was "on PP Highway, west of Poplar Bluff."

When Matthews arrived, three people were there: two deputy sheriffs and Simmons. Simmons "was outside the vehicle"; the deputies "were conversing with her to make sure she was not injured." Matthews's testimony:

"Q. ... What did she tell you about the accident, or—if anything?

A. I don't remember her saying anything about the accident, other than the fact that she was operating the vehicle.

Q. She indicated to you that she was driving the vehicle?

A. Yes, sir."

Later, during cross-examination of Matthews by Simmons's lawyer, this dialogue occurred:

"Q. ... Do you specifically remember asking her if she was driving that car that day?

A. I do not specifically remember me asking her. The deputies told me that she was driving.

Q. All right.

A. Okay. That—Yes. I realize that's third person—

[Assistant prosecutor]: Your Honor, I'll object to that response as to what the deputy said. That's hearsay.[4]

THE COURT: Okay.

BY [Simmons's lawyer]:

Q. ... Other than what other people might have told you, do you have any direct knowledge that she was operating the motor vehicle? Did you observe her operating the motor vehicle?

A. No, sir."

Simmons did not move to strike Matthews's testimony that the deputies told him Simmons was driving, nor did Simmons move to strike Matthews's earlier testimony that Simmons indicated she was driving.

■ Assuming — without deciding — that the trial court's utterance, "Okay," amounted to a sustention of the hearsay objection, this court points out that sustaining an objection after a witness answers a question does not have the effect of striking the answer in the absence of a motion to strike. *Ashley v. Williams,* 365 Mo. 286, 281 S.W.2d 875, 880[8] (1955). Where evidence that might have been excluded upon timely motion to strike is received without such motion, its probative worth and effect are for the trier of the facts. *In re J.L.L.,* 402 S.W.2d 629, 633–34[1] (Mo.App.1966); *Fellows v. Farmer,* 379 S.W.2d 842, 846[2] (Mo.App.1964).

Furthermore, later in his testimony, Matthews asserted (without objection) that his report "states that [Simmons] did admit to driving." Finally, Matthews's testimony included this:

"Q. ... You can continue with any evidence that you have that she operated this vehicle while intoxicated.

A. Okay. A one-vehicle accident. She's the owner of the vehicle. No one else is present. She admits to me that she is the driver."

As reported earlier in this opinion, Matthews's testimony was the only evidence

---

4. Inasmuch as Matthews's testimony was favorable to Director, this court is perplexed by the assistant prosecutor's objection.

before the trial court. Simmons did not attack Matthews's credibility.

 The determination of whether an officer had probable cause to arrest must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Farin v. Director of Revenue*, 982 S.W.2d 712, 715[5] (Mo.App. E.D.1998); *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51[4] (Mo.App.W.D.1994). Probable cause is determined by the collective knowledge and facts available to all officers participating in the arrest; the arresting officer need not possess all of the information. *Farin*, 982 S.W.2d at 715[6]; *State v. Young*, 701 S.W.2d 490, 494[1] (Mo.App.E.D.1985). An officer is entitled to rely on official information supplied by another officer when determining probable cause to arrest. *Farin*, 982 S.W.2d at 715[7]; *State v. Boyd*, 784 S.W.2d 226, 228[5] (Mo.App. E.D.1989).

Here, the evidence before the trial court was that Simmons admitted to either Matthews or the deputy sheriffs that she was driving the vehicle involved in the one-vehicle accident. There was no contrary evidence, nor was anyone at the accident site when Matthews arrived except Simmons and the deputies.

 Probable cause to believe an arrestee was driving a vehicle when an accident occurred exists when the arrestee admits driving the vehicle at that time, even though no officer saw the accident happen. *Haas v. Director of Revenue*, 975 S.W.2d 483, 484 (Mo.App.E.D.1998); *Pappin v. Director of Revenue*, 958 S.W.2d 591, 592 (Mo.App.E.D.1998).

Inasmuch as (a) there was no evidence contradicting Matthews's testimony, and (b) Matthews's credibility was unchallenged, this court holds there was no evidence to support a finding that Matthews lacked reasonable grounds to believe Simmons was driving her vehicle when the accident occurred. *Cf. Haas*, 975 S.W.2d at 484–85; *Pappin*, 958 S.W.2d at 592.

 Simmons's second attack on Director's evidence in the trial court was that Matthews's testimony was insufficient to support a finding that he had reasonable grounds to believe Simmons was intoxicated at the time the accident occurred.

Matthews testified he detected "a moderate odor of alcoholic beverage on [Simmons's] breath," that Simmons failed two "field sobriety tests"—the horizonal gaze nystagmus test and the one leg stand test—that Simmons could not stand or walk without swaying, and that her speech was slurred. Similar evidence has been held sufficient to establish reasonable grounds to believe a person is intoxicated. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477[9] (Mo.App.E.D.1997); *Diehl v. Director of Revenue*, 836 S.W.2d 94, 95–96 (Mo.App.E.D.1992); *Thurman v. Director of Revenue*, 745 S.W.2d 260, 261–62 (Mo. App.E.D.1988).

As this court comprehends the transcript, Simmons's lawyer tacitly conceded in the trial court that Matthews had reasonable grounds to believe Simmons was intoxicated when he arrested her. However, argued Simmons's lawyer, that did not mean Matthews had reasonable grounds to believe Simmons was intoxicated when she drove her vehicle. Consistent with that position, Simmons argues in this appeal that Matthews did not know when the accident happened, hence even though he may have had reasonable grounds to believe Simmons was intoxicated when he arrested her, he did not have reasonable grounds to believe she was intoxicated when she drove her vehicle.

 Director is not required to prove the time an accident occurred in cases such as this. *Haas*, 975 S.W.2d at 485[4]; *Cain v. Director of Revenue*, 896 S.W.2d 724, 726[5] (Mo.App.E.D.1995); *Cox v. Director of Revenue*, 756 S.W.2d 943, 944 (Mo.App. S.D.1988). Nonetheless, § 577.041.4(2) required Director to prove Matthews had reasonable grounds to believe Simmons

was intoxicated when the accident occurred, as that was when she was driving.

On that issue, Matthews testified (without objection) that the accident occurred at 12:45 a.m. As reported earlier in this opinion, he arrived at the accident site at 12:55 a.m.

Asked on cross-examination how he knew when the accident occurred, Matthews responded that he based the time on when his dispatcher notified him. Matthews explained that "PP Highway has a substantial volume of traffic" and people "notify us" when "something out of the ordinary" occurs.

Considering (a) the accident site—a county highway west of Poplar Bluff, (b) the early morning hour, (c) the time of year—early January, and (d) the fact that Simmons was evidently alone when the accident occurred, Matthews could reasonably believe (as he obviously did) that Simmons would not have lingered very long at the scene, but instead would have departed or had a passerby summon someone to come for her had the deputies not swiftly arrived.

Furthermore, Matthews quoted Simmons as saying she "was drinking at the Holiday Inn." There was no evidence indicating Simmons drank anything at the accident site during the interval between the accident and the deputies' arrival.

Mindful that the determination of whether Matthews had reasonable grounds to believe Simmons was intoxicated when the accident occurred must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained officer, *Farin*, 982 S.W.2d at 715[5]; *Chinnery*, 885 S.W.2d at 51[4], and emphasizing that Matthews's testimony was uncontradicted and his credibility unassailed, this court holds there was no evidence to support a finding that Matthews lacked reasonable grounds to believe Simmons was intoxicated when the accident occurred.

The judgment is reversed and this cause is remanded to the trial court with a directive to enter judgment affirming Director's revocation of Simmons's license.

PARRISH and SHRUM, JJ., concur.