Jonathan R. SHUMAKER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 64656.

Missouri Court of Appeals,
Western District.

Sept. 13, 2005.

Stephanie Davis–Swischer, Nevada, MO, for respondent.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Jefferson City, MO, for appellant.

Before HOWARD, P.J., SMITH, C.J., and NEWTON, J.

VICTOR C. HOWARD, Presiding Judge.

Jonathan R. Shumaker's driving privileges were revoked pursuant to section 577.041[1] for his refusal to submit to a breath analysis test. On April 28, 2004, Shumaker filed a petition in the Circuit Court of Vernon County seeking an order permanently restraining the revocation of his driving privileges. After a hearing held on July 12, 2004, the trial court found that the Director of Revenue ("the Director") did not prove that Shumaker operated the motor vehicle in question while intoxicated. Thus, the trial court entered a judgment ordering Shumaker's license reinstated and permanently restraining and enjoining the Director from revoking Shumaker's driving privileges.

On appeal from the trial court's judgment, the Director claims that the trial court erred in setting aside the revocation of Shumaker's driving privileges, because the uncontroverted evidence established that the arresting officer had reasonable grounds to believe that Shumaker had been driving while intoxicated. For the reasons below, we reverse and remand.

## Background

On April 17, 2004, Shumaker was involved in a one-car, non-injury accident on Route W, north of the Nevada city limits. The Nevada Police Department's radio log indicated that they received a call at 8:03 p.m. informing them that Shumaker was leaving the AM Vet's bar in an intoxicated condition. The police department was advised of Shumaker's accident at 8:22 p.m., and Officer Anders of the Nevada Police Department arrived at the scene of the accident at 8:29 p.m.

Corporal James Wilde ("Trooper Wilde") of the Missouri State Highway Patrol was notified of the accident at approximately 8:40 p.m., and he arrived at the scene at approximately 8:49 p.m. Officer Anders already had Shumaker in handcuffs on the ground next to a white Ford Ranger pickup truck when Trooper Wilde arrived. Officer Anders indicated to Trooper Wilde that Shumaker would not follow his instructions and had attempted to leave the scene, at which point Shumaker was handcuffed.

Trooper Wilde removed the handcuffs and asked Shumaker what had happened, at which point Shumaker indicated that he had swerved to miss a deer. Trooper Wilde detected an odor of intoxicating beverages on Shumaker's breath, and Shumaker indicated that he had drunk one or two beers. Shumaker then agreed to perform a series of field sobriety tests.

1. Statutory references are to RSMo Cum. Supp.2004.

Trooper Wilde's Alcohol Influence Report (AIR) pertaining to Shumaker was admitted into evidence at the hearing on Shumaker's petition. The AIR reflects that Shumaker performed: a horizontal gaze nystagmus test, a finger-to-nose test, a Rhomburg internal balance test, counting backwards, and a portable breath test. Shumaker had difficulty following the directions during the horizontal gaze nystagmus test, but he eventually displayed all six indications of being intoxicated. Shumaker had difficulty following the directions during the finger-to-nose test, and he missed the tip of his nose on all attempts. During the Rhomburg internal balance test, Shumaker swayed back and forth and from side to side, and he did not correctly estimate the time duration of the test. Shumaker could not correctly count backwards from 42 to 32, and he blew "well over .08" on the portable breath test. Based on his observations and Shumaker's statements, Trooper Wilde placed Shumaker under arrest for driving while intoxicated, read him his Miranda rights, and transported him to the Vernon County Sheriff's Department.

At the Sheriff's Department, Shumaker agreed to take a breath test, but failed to give a valid sample on both attempts. Trooper Wilde explained to Shumaker that he needed to blow continuously until told to stop. During the first attempt, Shumaker put the entire mouthpiece in his mouth. Shumaker would blow for a short time, stop, and then continue by blowing around the mouthpiece. This resulted in the first invalid sample. Before the second attempt, Trooper Wilde explained to Shumaker that he should only put the tip of the mouthpiece in his mouth and blow through it like a straw. Shumaker again put the entire mouthpiece in his mouth and blew around it, resulting in a second invalid sample. Trooper Wilde considered Shumaker to have refused the breath test.

When questioned at the Vernon County Sheriff's Department, Shumaker claimed to have been at the accident scene for one hour before anyone had arrived, and he stated that he drank two beers during this time. Shumaker indicated that he also drank one beer at AM Vet's between 5:00 and 5:30 p.m. Shumaker said that it was dark when he started driving, so he had to use his headlights. Trooper Wilde checked with radio dispatch and was advised that sunset was at approximately 7:51 p.m. that day.

Shumaker subpoenaed both Officer Anders and Trooper Wilde for the hearing on his petition. However, Officer Anders did not appear, and, although Trooper Wilde appeared, he did not testify because the trial court entered judgment prior to testimony being heard. Trooper Wilde's AIR was admitted into evidence at the hearing. The trial court found that the Director failed to prove that Shumaker was driving while intoxicated because no corroborating evidence was presented that Shumaker was in fact driving the vehicle. The trial court stated on the record that Shumaker's statement, indicating that he was driving the truck, was not sufficient on its own; the statement needed to be corroborated by other evidence in accordance with the rule provided in *Kansas City v. Verstraete,* 481 S.W.2d 615, 616–17 (Mo.App.1972). Accordingly, the trial court entered its judgment reinstating Shumaker's driving privileges and granting the permanent injunction.

## Standard of Review

■ We will sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erro-

neously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

■ The Director claims that the trial court erred in setting aside the revocation of Shumaker's driving privileges, because the revocation was proper, in that the uncontroverted evidence established that Trooper Wilde had reasonable grounds to believe that Shumaker had been driving while intoxicated.

Section 577.020.1 provides in relevant part:

> Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020 to 577.041, a chemical test or tests of the person's breath ... for the purpose of determining the alcohol or drug content of the person's blood pursuant to the following circumstances:
>
> (1) If the person is arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition[.]

■ Refusal to submit to any test allowed pursuant to section 577.020 results in the revocation of the person's license. § 577.041.1. "If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred." § 577.041.4. At a hearing held on a petition filed pursuant to section 577.041.4, the Director has the burden of establishing a prima facie case that (1) "the person was arrested or stopped," (2) the officer "had [r]easonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition," and (3) "the person refused to submit to the test." *Id.* If the trial court determines that one of the three elements has not been established, "it is required to order the reinstatement of driving privileges." *Berry v. Dir. of Revenue*, 885 S.W.2d 326, 328 (Mo. banc 1994). If the Director makes a prima facie case, the driver has the burden to rebut the elements. *Hamor v. Dir. of Revenue*, 153 S.W.3d 869, 872 (Mo.App. E.D.2004).

■ At the hearing on Shumaker's petition, the trial court found that the Director failed to prove by sufficient evidence that Shumaker was driving because there must be some evidence to corroborate Shumaker's statements in order to prove that he was driving. By its specific reference to *Verstraete*, supra, the trial court appears to be applying the "corpus delicti" rule by requiring that Shumaker's statements be corroborated by independent proof. However, *Verstraete* involved a criminal proceeding, and we have previously held that this rule of evidence in criminal cases does not apply to administrative driver's license proceedings. *Tolen v. Mo. Dep't of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978); *Tuggle v. Dir. of Revenue*, 727 S.W.2d 168, 169 (Mo.App. W.D.1987). In administrative proceedings, the trial court may admit and rely on the driver's "extrajudicial statement to prove that police officers had reasonable grounds to believe that a suspect had operated his motor vehicle while intoxicated" without independent proof of the corpus delicti. *Tuggle*, 727 S.W.2d at 169. The trial court erroneously interpreted and misapplied the law. Shumaker's statements that he was driving, without corroboration, could be sufficient to prove that element of the Director's prima facie case.

Also, under section 577.041.4(2)(a), the Director must prove that Trooper Wilde

"had reasonable grounds to believe that [Shumaker] was driving a motor vehicle while in an intoxicated or drugged condition." The Director does not, as the trial court implied, have to prove that Shumaker was *in fact* driving.

The Director presented sufficient evidence to prove that Trooper Wilde had reasonable grounds to believe that Shumaker was driving a motor vehicle while intoxicated. As evidenced by the AIR, police were advised that Shumaker was leaving the AM Vet's bar in an intoxicated condition and, shortly thereafter, that Shumaker had been in an accident. When Trooper Wilde arrived on the scene, approximately twenty-seven minutes after the Nevada police were advised of the accident, Shumaker was in handcuffs sitting next to a white Ford Ranger pickup truck. Shumaker and Officer Anders were the only people at the scene of the accident. Trooper Wilde confirmed Shumaker's identity and asked him what had happened. Shumaker replied that he had swerved to miss a deer. Trooper Wilde noticed the odor of intoxicants and asked Shumaker if he had been drinking. Shumaker replied that he had. Shumaker performed poorly on several field sobriety tests. Based on Shumaker's statements and actions, Trooper Wilde arrested him for driving while intoxicated.

Shumaker also contends that the Director failed to meet its burden because Officer Anders was the arresting officer, not Trooper Wilde, and there was no evidence that Officer Anders reasonably believed that Shumaker was driving while intoxicated. This argument lacks merit. Even though it was Officer Anders who initially arrested Shumaker, Trooper Wilde retained him in custody and performed all of the procedural steps to arrest him for driving while intoxicated. Thus, Trooper Wilde became the arresting offi-cer within the meaning of section 577.041. *See Chapman v. McNeil,* 740 S.W.2d 701, 703 (Mo.App. S.D.1987) (finding that a highway patrol officer, who "performed the procedural steps outlined in § 577.041," was the arresting officer within the meaning of section 577.041, even if the defendant had already been stopped and his movements controlled by a deputy sheriff on the scene).

### Conclusion

The trial court erroneously declared and misapplied the law by reinstating Shumaker's driving privileges. The Director established a prima facie case under section 577.041.4 that: (1) Shumaker was arrested or stopped; (2) Trooper Wilde had reasonable grounds to believe that Shumaker was driving a motor vehicle while in an intoxicated condition; and (3) Shumaker refused to submit to the test. Thus, the trial court's judgment is reversed. Because Shumaker was not afforded the opportunity to rebut the Director's prima facie case, we remand for a new hearing.

SMITH, C.J., and NEWTON, J., concur.