

# In the Missouri Court of Appeals
## Western District

ROBERT DEE HOOVER, )
                Appellant, )
v. )        WD81697
                     )
LYNDA S. HOOVER, )
                Respondent. )    FILED: April 30, 2019

## APPEAL FROM THE CIRCUIT COURT OF MERCER COUNTY
### THE HONORABLE SAMUEL D. FRANK, JUDGE

### BEFORE DIVISION ONE: VICTOR C. HOWARD, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND GARY D. WITT, JUDGES

Robert Hoover ("Husband") appeals from the judgment dissolving his marriage to Lynda Hoover ("Wife"). Because of significant deficiencies in Husband's appellate brief that prevent us from determining what his actual claims of circuit court error are, we dismiss his appeal.

Husband appears *pro se*. We struck his initial brief for multiple specific violations of Rule 84.04. Husband filed an amended brief that was substantially similar to the stricken brief. Wife subsequently filed a motion to dismiss Husband's appeal due to the deficiencies in his amended brief. We took Wife's motion with the case.

Rule 84.04 sets forth requirements for appellate briefing. "[C]ompliance with these requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. 2013) (internal quotation marks and citations omitted). "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review and is grounds for dismissing the appeal.'" *Wong v. Wong*, 391 S.W.3d 917, 918 (Mo. App. 2013) (citation omitted). Although Husband appears *pro se*, he "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Lattimer*, 412 S.W.3d at 422 (internal quotation marks and citations omitted).

First, Husband's statement of facts violates Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710 (Mo. App. 2008) (citation omitted). Husband's statement of facts is not a fair and concise statement of the facts relevant to the questions presented. Instead, his statement of facts contains mostly argumentative and conclusory statements, with only sporadic references to the legal file and transcript. These deficiencies fail to preserve Husband's claims for appellate review. *See Lattimer*, 412 S.W.3d at 422.

Second, Husband's point relied does not comply with Rule 84.04(d).  His multifarious point consists of a two-and-one-half page statement containing bare allegations of approximately eight disparate errors.  "When an appellant makes the entire judgment one error and then lists multiple grounds therefore, the point contains multiple legal issues in violation of Rule 84.04(d)." *Smith v. Smith*, 455 S.W.3d 26, 27 (Mo. App. 2014).  "Multifarious points preserve nothing for review." *Id*. (citation omitted).  Additionally, Husband's point relied on does not include a list of cases or other authority upon which he is principally relying, in violation of Rule 84.04(d)(5).

Third, Husband's argument fails to comply with Rule 84.04(e).  His argument consists of only a relisting of the eight disparate errors alleged in his point relied on and cites to no legal authority.  "An argument must explain why, in the context of the case, the law supports the claim of reversible error." *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. 2009).  The argument "'should show how principles of law and the facts of the case interact.'" *Id*. (citation omitted).  Husband's argument does not.  Moreover, Husband's argument does not include a concise statement of the applicable standard of review for each claim of error; a concise statement describing whether the error was preserved for appellate review and, if so, how it was preserved; and specific page references to the legal file or transcript.  The argument section of Husband's brief is "'so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument[.]'" *Nichols v. Div. of Emp't Sec.*, 399

3

S.W.3d 901, 904 (Mo. App. 2013) (citation omitted).  Therefore, we cannot reach the merits of his appeal.  *Id*.

Occasionally, we will review non-compliant briefs of *pro se* appellants *ex gratia*.  *Id*.  We do so, however, only "where the argument is readily understandable."  *Id*.  That is not the case here.  To determine whether Husband is entitled to relief, we would have "to comb the record for support for [his] factual assertions, decipher [his] point on appeal, and locate legal authority for [his] argument."  *Wong*, 391 S.W.3d at 919-20.  In other words, we would have to act as Husband's advocate, which we cannot do.  *Id*.

The appeal is dismissed.

_____
Lisa White Hardwick, Judge

All Concur.

4