**Christopher W. HARDER,**
**Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Defendant/Appellant.**

**No. 72441.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 9, 1998.

2. Wife's motion to strike Point II of husband's      reply brief is denied

Jeremiah W. (Jay) Nixon, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Richard B. Hein, St. Louis, for plaintiff/respondent.

CRAHAN, Chief Judge.

The Director of the Missouri Department of Revenue ("Director") revoked the operator's license of Chris Harder ("Driver") based on Driver's refusal to submit to a Breathalyzer test. Driver was asked to take the test after being involved in a one-car accident in St. Louis County. Driver petitioned the St. Louis County Circuit Court to review his revocation pursuant to section 577.041.4–5 RSMo. (Supp.1996). After a hearing, the trial court directed a verdict in favor of Driver and ordered Director to reinstate Driver's license. Director appeals. We reverse and remand.

On June 3, 1996 Driver struck a parked car in St. Louis County. St. Louis County Police Officer Derek Dunmire was summoned to the accident scene. Officer Dunmire came upon Driver and asked him what had happened. After speaking with and observing Driver, Officer Dunmire performed several field sobriety tests on Driver. Driver consented to the tests and failed them all. Officer Dunmire then arrested Driver for driving while intoxicated and brought him to the St. Louis County Intake facility.

At the intake facility, Officer Jonathan Niemira attempted to perform a breath test on Driver. Officer Niemira was unable to complete a breath test on Driver because, he claimed, Driver refused to submit to three administrations of the test. Specifically, Officer Niemira testified that Driver stopped blowing into the Breathalyzer prematurely during the first test and then feigned blowing during the second and third tests. Based on this conduct, Officer Niemira concluded that Driver had refused to follow his instructions or provide an adequate breath sample.

■ Director urges the trial court improperly directed a verdict in Driver's favor setting aside the revocation of Driver's license. In a proceeding under section 577.041 RSMo. (Supp.1996), the trial court is to determine (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (3) whether the person refused to submit to the test. See also *Borgen v. Director of Revenue,* 877 S.W.2d 172, 174 (Mo.App.1994). Driver contests only the third statutory element.

■ In his brief, Driver concedes that "the ... evidence left a question of fact as to whether (Driver) refused to cooperate in the taking of the breathalyzer and thereby refused to take the test under section 577.041." Because a question of fact existed about an essential element of the State's case, Driver reasons, the trial court was allowed to decide as it did. The trial court, however, disposed of the case by means of a directed verdict in Driver's favor. Our review of a directed verdict is not, as Driver contends, restricted merely to whether there was substantial evidence to support the judgment. In reviewing an order directing verdict in favor of a party, we review the evidence in the light most favorable to the non-moving party and give that party the benefit of all permissible inferences while ignoring contrary evidence and inferences, in order to determine whether the non-moving party made a submissible case. *In re Estate of Hayes,* 941 S.W.2d 630, 632 (Mo.App.1997). A trial court should grant a directed verdict only if reasonable persons would not differ on the correct disposition of the case. *Hammer v. Waterhouse,* 895 S.W.2d 95, 99 (Mo.App.1995).

■ In the present case, there was ample evidence, when viewed in the light most favorable to Director, from which a reasonable person could determine that Driver refused to submit to a breath test. Officers Dunmire and Niemira testified that during the first test Driver stopped blowing into the breathalyzer once its readout showed his blood alcohol content exceeded the legal limit although he had not been instructed to stop blowing. Officers Dunmire and Niemira further testified that Driver failed to properly blow into the Breathalyzer during the second and third administrations of the test. This evidence of Driver's conduct could prove his "volitional failure to do what is necessary in order that

the (Breathalyzer) test can be performed," and, thus, refusal to submit. *Spradling v. Deimeke,* 528 S.W.2d 759, 766 (Mo.1975). Therefore, the entry of a directed verdict in Driver's favor was erroneous. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, J., and GERALD M. SMITH, Senior Judge, concur.