Michael James **HAAS**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. 73160.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 25, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nadia Termanini, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

CRAHAN, Judge.

Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Michael Haas (Driver) after a trial de novo pursuant to Section 302.535, RSMo Cum.Supp.1997. We reverse and remand.

After Director sustained the suspension of the driver's license of Driver following an administrative hearing, Driver filed a petition for a trial *de novo* with the circuit court in St. Charles County. Officer John B. Brown of the O'Fallon Police Department was the only witness. He testified that on the evening of January 21, 1997, at about 11:36 p.m., he received a call to the scene of an accident at Highway M, just north of Highway P. He stated that about 11:42 p.m., he arrived at the scene of the accident. He observed that a motor vehicle accident had occurred. Three people were standing around, including Driver.

Brown interviewed both of the drivers of the vehicles. Driver told him that he was driving a Suzuki Samurai that was involved in the accident. As Brown spoke with Driver, he noticed a strong odor of an intoxicating beverage coming from his breath and that his speech was slurred. Driver admitted that he had consumed three or four beers. Brown then conducted three field sobriety tests. Based on Driver's unsatisfactory performance of those tests, Brown concluded Driver was intoxicated.

At 12:30 a.m., Brown arrested Driver for driving while intoxicated. Brown transported Driver to the O'Fallon Police Station and advised him of his Miranda rights. At 1:19 a.m., Brown conducted a breathalyzer test of Driver, which indicated Driver had a blood alcohol content of .191 percent.

Director also offered into evidence a certified copy of the O'Fallon ordinance and the Department of Revenue records which included: (1) a copy of the Missouri Uniform Complaint and Summons issued to Driver for driving while intoxicated; (2) the Alcohol Influence Report prepared by Officer Brown; (3) the Datamaster Maintenance Report dated 1/2/97; (4) the Certificate of Analysis of the simulator solution for the Datamaster;

and (5) the BAC Datamaster Evidence ticket. Driver offered no evidence.

The trial court issued a judgment ordering that the suspension arising out of the occurrence on January 21, 1997 be removed from Driver's driving record and that Driver's driving privileges be reinstated. The court made no findings of fact to support its order. Director appeals.

Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the decision of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

At trial, Director has the burden of proving a *prima facie* case for suspension of a driver's license by presenting evidence that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense; and (2) the driver had been driving with a blood alcohol content of .10 percent or greater. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998); Section 302.505.1. These showings must be made by a preponderance of the evidence. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997). When Director makes a *prima facie* case, the burden then shifts to Driver. *Green*, 961 S.W.2d at 938.

On the record before us, Director met the burden of proving a *prima facie* case. The uncontradicted evidence established that Officer Brown had probable cause to believe Driver had been driving while intoxicated. Brown reported to the scene of an accident involving Driver. He noticed that Driver had a strong odor of alcohol on his breath and that his speech was slurred. Driver admitted that he had been driving and that he had consumed three or four beers. Driver failed three field sobriety tests.

Second, Director presented evidence establishing that Driver's blood alcohol content exceeded .10 percent. Brown gave Driver a breathalyzer test to determine his blood alcohol content. Again, the uncontradicted evidence, which included the testimony of Offi-

cer Brown as well as the Department of Revenue records, established that the breathalyzer test was performed by following the approved techniques and methods of the Department of Health; (2) Officer Brown held a valid permit; and (3) the equipment and devices were approved by the Division. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 340–41 (Mo. banc 1992). Brown then testified, without objection, that Driver's breathalyzer test indicated his blood alcohol content was .191 percent. This evidence was all that was required for the Director to establish its *prima facie* case. Driver never offered any rebuttal evidence.

As indicated above, the trial court made no findings of fact. Driver has not favored us with a brief. The only indication of record as to the reason for the trial court's ruling is a brief discussion after Director rested about whether the evidence was sufficient to establish the time of the accident. If this was the basis for the court's ruling, it was error. There is nothing in the statutes or case law requiring Director to prove the time of an accident. *Cain v. Director,* 896 S.W.2d 724, 726 (Mo.App.1995).

We hold the judgment of the trial court is not supported by substantial evidence and erroneously applies the law. Accordingly, the judgment is reversed and the cause remanded for the trial court to enter a judgment reinstating Director's suspension for a period of time to be determined by Director in accordance with section 302.525, RSMo 1994.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., concur.