Christopher HARDER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 75406.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 3, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Asst. Atty. Gen., Jefferson City, for respondent.

Richard B. Hein, St. Louis, for appellant.

KENT E. KAROHL, Judge.

Director of the Missouri Department of Revenue (Director) revoked Christopher W. Harder's driving privileges because Harder refused to submit to a breathalyzer test. Section 577.041 RSMo Cum. Supp.1996. Harder filed a Petition for Review. The trial court found that Director failed to produce evidence that Harder refused to submit to a breathalyzer test. It granted Harder's motion for directed verdict and ordered reinstatement of Harder's driving privileges. Director appealed. We reversed and remanded holding that "there was ample evidence, when viewed in light most favorable to Director, from which a reasonable person could determine [whether] that driver refused to submit to a breath test." *Harder v. Director of Revenue*, 969 S.W.2d 340 (Mo.App. E.D.1998). After the second evidentiary hearing the trial court found that Director "failed to produce evidence that Petitioner refused to submit to a breath test." It ordered Harder's driving privileges reinstated. Director appeals for a second time. We affirm.

Harder struck a parked car in St. Louis County. He then failed field sobriety tests. The police arrested him and took him to the St. Louis County Intake Facility where he agreed to take the breathalyzer test. He was tested three times. The administering police officer said in his re-

port Harder refused to perform all three tests when he (1) stopped blowing in the breathalyzer after he saw the original readout was .109 BAC which is above the legal limit; and, (2) feigned blowing during the last two tests. Director argues that the revocation was supported by the evidence because Harder intentionally failed to perform all the breathalyzer tests that he was asked to take.

The standard of review is set forth in the well-settled case *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Director's sole point on appeal is "the uncontroverted evidence reflects that he [Harder] volitionally failed to [sic] what was necessary for the test to be performed." We affirm for two reasons. First, the legal file contains documentary evidence which would support finding: (1) Harder agreed to take the breathalyzer test; (2) the test was administered; and, (3) it registered a result above .10 BAC. In fact this evidence is uncontroverted. Therefore, the administering police officer received a valid reading of Harder's blood alcohol content that was over the legal limit.

Second, there is evidence to support a finding that Harder de facto did not intentionally refuse to take the breathalyzer test. The police report refers to Harder's physical disability in that his jaw was wired together. The trial court could have found the disability rebutted the police officer's testimony and conclusions.

We affirm.

ROBERT G. DOWD, Jr., P.J. and LAWRENCE E. MOONEY, J. concur.