Scott Allen **MISENER**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. ED 75605.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 7, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Robert Ciuffa, St. Louis, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from the trial court's judgment setting aside Director's revocation of Scott Allen Misener's (Driver's) driving privileges. We reverse and remand and direct the trial court to reinstate Driver's revocation.

Director revoked Driver's driving privileges for driving while intoxicated under Section 302.505, RSMo Supp.1997. Driver filed a petition for a trial *de novo* in St. Louis County Circuit Court. The arresting officer testified for Director and Director offered into evidence records concerning Driver's breathalyzer test results. Driver did not present witnesses or documentary evidence at trial. The trial court found Driver's blood alcohol content was at least .10 percent, but set aside Director's decision because Director did not prove the arresting officer had probable cause to arrest Driver for driving while intoxicated.

In its sole point on appeal, Director urges it did prove probable cause for Driver's arrest. The Director argues the judgment of the trial court should be reversed because its decision misapplied the law and is against the weight of the evidence.

Officer Stevener was the only witness at trial. He testified that around 5:20 a.m. on June 14, 1998 he responded to the scene of a one-car accident. Driver's pickup truck had overturned in a creek bed and a tow truck was already at the scene. Soon after the officer arrived, Driver approached from a nearby apartment complex carrying a cup of water. The officer observed Driver was having trouble walking. He stumbled and fell two times while approaching the officer. The officer noticed Driver's speech was slurred and his eyes were watery and bloodshot. The officer also smelled the moderate odor of an intoxicating beverage on Driver.

Driver admitted to the officer that he had been driving the pickup truck. Driver stated he had driven into the creek while trying to avoid a dog that had run into the road in front of his vehicle. Driver claimed the accident happened two and a half hours earlier and he had walked home and then later decided to call a tow truck. Driver did not indicate to the officer that he had been drinking since the accident occurred.

The officer had Driver perform a number of field sobriety tests. Driver counted backwards correctly, but he did so slowly and methodically. He was unable to recite the alphabet. Driver also failed the Horizontal Gaze Nystagmus test. Based on Driver's unsatisfactory performance of those tests, the officer concluded Driver was intoxicated.

The officer arrested Driver for driving while intoxicated. He took Driver to the police station for a breathalyzer test, administered at 6:50 a.m. that day, which indicated Driver had a blood alcohol content of .128 percent.

Director also offered into evidence the Department of Revenue records which included: (1) the checklist the officer went through when administering the breathalyzer test; (2) the BAC Datamaster Evidence ticket from June 14, 1998 which shows Driver's blood alcohol content at .128 percent; (3) a permit for the officer who administered the test; (4) the Datamaster Maintenance Report dated May 14, 1998; (5) the Certificate of Analysis of the

simulator solution for the Datamaster from Guth Laboratories, Inc.; and (6) a permit for the officer who performed the maintenance check on the Datamaster. We note that Driver has not filed a brief responding to Director's appeal.

We affirm the decision of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At trial, Director has the burden of proving a *prima facie* case for suspension of a driver's license by presenting evidence that: (1) the driver was arrested on probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving with a blood alcohol content of at least .10 percent. *Haas v. Director of Revenue*, 975 S.W.2d 483, 484 (Mo.App. E.D.1998). These showings must be made by a preponderance of the evidence. *Id* . When Director makes a *prima facie* case, the burden then shifts to Driver. *Id* .

■ "Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it." *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App. W.D.1992). "This determination must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer." *Johnson v. Director of Revenue*, 920 S.W.2d 129, 132 (Mo.App. S.D.1996). An arresting officer need not actually observe a person driving in order to arrest the person for driving while intoxicated. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997). The officer may establish probable cause that a person was driving from the person's admissions alone. *Pappin v. Director of Revenue*, 958 S.W.2d 591 (Mo.App. E.D.1998).

■ On the record before us, Director met the burden of proving a *prima facie* case. In the instant situation, Driver told the arresting officer he had been driving the pickup truck that was off the road in a creek bed. The uncontradicted evidence further established Officer Stevener had probable cause to believe Driver had been driving while intoxicated. The officer observed Driver stumbling as he walked. His eyes were bloodshot and watery and his speech was slurred. The officer also observed an odor of intoxicating beverage about Driver. Officer Stevener conducted three field sobriety tests. Based on Driver's failing two of the three tests, he concluded Driver was intoxicated. Therefore the officer had probable cause to arrest Driver under the circumstances.

The Director also presented uncontradicted evidence establishing Driver's blood alcohol exceeded .10 percent. The officer administered a breathalyzer test which showed Driver's blood alcohol content was .128 percent. The Department of Revenue records established the breathalyzer test was performed following approved techniques and methods of the Department of Health; the officer who administered the test held a valid permit; the equipment and devices where tested and working properly; and the officer who tested the machine held a valid permit. This evidence satisfied Director's burden to establish its *prima facie* case.

■ The gap in time between the accident and the arrest does not adversely affect the probable cause determination because Director is not required to prove the time an accident occurred. *Simmons v. Director of Revenue*, 3 S.W.3d 897 (Mo. App. S.D.1999); *Haas v. Director of Revenue*, 975 S.W.2d 483, 485 (Mo.App. E.D. 1998); *Cain v. Director of Revenue*, 896 S.W.2d 724, 726 (Mo.App. E.D.1995).

Inasmuch as there was no evidence contradicting the arresting officer's testimony, and the credibility of the officer was unchallenged, we conclude there was no evidence to support a finding that Officer

Stevener lacked probable cause to arrest Driver for driving while intoxicated.

Sufficient evidence exists to conclude the arresting officer had probable cause to arrest Driver for driving while intoxicated. The facts that Driver appeared intoxicated to the officer and failed two of the three sobriety tests, coupled with his admission of driving the vehicle, are reasonable grounds for an arrest. We hold the judgment of the trial court is not supported by substantial evidence and erroneously applies the law. Accordingly, the judgment is reversed and remanded for the trial court to enter a judgment reinstating Director's revocation of Driver's driving privileges for a period of time to be determined by Director in accordance with Section 302.525, RSMo 1994.

WILLIAM H. CRANDALL, Jr., P.J. and ROBERT E. CRIST, S.J., Concur.

Before: GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.