Kenneth Olean RINNE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 57054.

Missouri Court of Appeals,
Western District.

March 7, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

James F. Crews, Tipton, for respondent.

Before: Presiding Judge SPINDEN, Judge LOWENSTEIN and Judge ULRICH.

HAROLD L. LOWENSTEIN, Judge.

The Director of Revenue (Director) appeals from the order of the circuit court reinstating the driver's license of the respondent, Kenneth O. Rinne (Rinne), after it was administratively suspended for driving while intoxicated (DWI) pursuant to § 302.505, RSMo Cum. Supp, 1996. On appeal, the Director claims that the trial court erred in sustaining the respondent's motion to dismiss for lack of probable cause because the admissible evidence was insufficient to establish the requisite probable cause for the arrest.

The judgment is reversed.

## FACTS

In December 1997, Laurie police officer Jim Walker responded to a call notifying him of a wreck on County Road O in Morgan County. Officer Walker arrived at the scene and discovered that Rinne's truck had run off the left shoulder of the road and hit a tree fifty feet from the roadway. Officer Walker found Rinne in the driver's seat attempting to restart the totaled car. Rinne was hurt, mumbling and bleeding from the head. Officer Walker noticed a "moderate odor of intoxicants" emanating from Rinne.

Trooper William Surface of the Missouri Highway Patrol arrived thirty minutes after Officer Walker. Officer Walker conveyed to Trooper Surface that he believed Rinne was intoxicated. Rinne's injuries prevented field sobriety tests. Trooper Surface interviewed Rinne in the ambulance, asking him what had happened, and Rinne responded, "Nothing." Surface then asked if he had been driving alone and Rinne responded, "Yes." Finally, the trooper asked Rinne whether he had been drinking. Rinne replied that he had consumed "three beers." Trooper Surface also noticed a moderate odor of intoxicants on Rinne's breath and that he had watery eyes. Trooper Surface then arrested him for driving while intoxicated and asked Rinne to consent to a blood test at the hospital. Rinne agreed.

Section 302.505, RSMo Cum. Supp, 1996, authorizes the suspension or revocation of a person's license for driving while intoxicated and provides, in pertinent part, as follows:

1. The department shall suspend or revoke the license of any person upon it's determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath or urine was ten-hundredths of one percent or more by weight. . .

Therefore, the Director had the burden of proving a prima facie case for suspension of a person's license by presenting evidence that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense; and (2) the driver had been driving with a blood alcohol content of .10 percent or greater. *Haas v. Director of Revenue*, 975 S.W.2d 483, 484 (Mo.App. 1998). These showings must be made by a preponderance of the evidence. *Id.*

After the Director had presented evidence, counsel for Mr. Rinne made a motion to dismiss, stating that:

. . . if the arresting officer, Trooper Corporal Surface did not have probable cause to arrest Kenneth O. Rinne for driving while intoxicated (then the case should be dismissed). That he (Trooper Surface) has testified in a manner, which he is not definite, he did not definitely state that he was intoxicated. His observations were that he was polite, cooperative, there was a moderate smell of alcohol, and that he mumbled.

The trial court sustained the motion and stated that:

There was no indication of the alcohol content. (There is only evidence show-

ing that) The three beers (were consumed) and the time frame which they were consumed. (Or that) It was a single car accident, and admission of three beers. And the officer said he made the arrest based upon that and that alone. Any other facts were, according to the officer's testimony, perhaps a result of the accident.

The Director claims that probable cause was established and, if the trial court's holding stands, it will allow drivers who have been involved in single vehicle injury accidents to avoid arrest because a driver's behavior can always be explained by his or her injuries.

## STANDARD OF REVIEW

In reviewing a directed verdict (motion for dismissal) in favor of a party, the court must view the evidence in the light most favorable to the non-moving party. The court shall give that party the benefit of all permissible inferences and ignore contrary evidence and inferences, in order to determine whether the non-moving party has made a submissible case. *Harder v. Director of Revenue*, 969 S.W.2d 340, 341 (Mo.App.1998). A trial court should grant a directed verdict only if reasonable persons would not differ on the correct disposition of the case. *Id.*

## POINT RELIED ON

Appellant contends that the trial court erred in granting Rinne's motion for dismissal because the admissible evidence was sufficient to establish probable cause. Specifically, he claims that the trial court erred in sustaining the motion to dismiss because the trooper's observations of Rinne could have been the result of injuries caused by the accident. Thus, an evaluation must be made as to whether the Director has shown probable cause.

In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992).

In *Wilcox*, the driver was found asleep or passed out at the wheel of a parked car in the right hand lane of a viaduct. The officers had difficulty arousing Mr. Wilcox, who finally responded when the officers opened the door and shook him. Mr. Wilcox exuded a strong odor of alcohol, required assistance from the officer in removing his wallet from his back pocket and could barely stand. However, the officers did not observe Mr. Wilcox drive and they did not attempt to administer field sobriety tests because of concerns about safety due to Mr. Wilcox's condition. *Id.* at 241.

"Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed." *Whitworth v. Director of Revenue*, 990 S.W.2d 115, 118 (Mo.App.1999) quoting *Kramer v. Director of Revenue*, 924 S.W.2d 308, 310 (Mo.App.1996). The determination of whether an officer had probable cause to make an arrest must be made in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer. *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo.App.1994).

In *Chinnery*, the responding officers found a driver behind the wheel attempting to move the wrecked vehicle. Both officers testified that they detected the odor of alcohol on the driver's breath, observed the slurred speech of the driver, that the driver's balance was impaired when he stepped out of the car and that they believed the driver was intoxicated. *Id.*

The facts here resemble *Haas v. Director of Revenue, supra.* In *Haas*, the driver also admitted having consumed three to four beers. The Director suspended the driver's license and the driver brought suit seeking reinstatement. At trial, the Director presented its case, and the driver never offered any rebuttal evidence or favor the appeals court with a brief. The trial court ordered that the driver's license be reinstated. The court made no findings of fact to support its

order. On appeal, the Director claimed that probable cause had been established. The respondent did not appear before the court and, as in this case, failed to even file a brief. The eastern district reversed after holding the Director had made a *prima facia* showing of probable cause for suspension. *Haas,* 975 S.W.2d at 484—85.

When viewed in the light most favorable to the non-moving party there is ample evidence from which a prudent, cautious and trained police officer could determine probable cause existed to arrest Rinne for driving while intoxicated. Although Officer Walker and Trooper Surface did not witness Mr. Rinne driving or perform field sobriety tests, they both testified that they are trained to identify intoxicated persons, that they smelled intoxicants on Mr. Rinne and that they believed Mr. Rinne was intoxicated.

The officers' knowledge before the arrest consisted of the following: a single car accident had occurred, odors of intoxicants emanated from the driver's breath, and the driver admitted that he had been the only person in the car and that he had been drinking. These facts, when viewed in the light most favorable to the Director, and ignoring contrary inferences such as Rinne's statements because of his injuries, establish probable cause for the arrest. A prudent, cautious and trained police officer would infer that Rinne had been driving in violation of the blood alcohol limit. The evidence here was clearly sufficient to show probable cause for the arrest and constituted *prima facia* case for suspension. *Halmich v. Director of Revenue,* 967 S.W.2d 693, 695 (Mo.App.1998).

## CONCLUSION

The judgement of the trial court should be reversed and the case remanded for trial.

All concur.