**George Francis MOODY, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 76586.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 4, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Bradley H. Lockenvitz, Linn, for respondent.

MARY RHODES RUSSELL, Chief Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driving privileges of George Francis Moody (Driver). Director revoked Driver's driving privileges for failure to submit to a chemical test pursuant to section 577.041, RSMo Cum.Supp.1997,[1] following his arrest for suspected driving while intoxicated. Driver sought and received a hearing under section 577.041.4. Afterward, the trial court reinstated Driver's driving privileges, concluding Driver's "refusal to be transitory and changed to

---

1. Section 577.041 was amended effective May 19, 1998. For purposes of this appeal, we apply the prior version in effect at the time of Driver's arrest.

willingness; therefore, he did not refuse." The court made no further findings. We reverse and remand.

At the hearing, the arresting officer provided an account of the events provoking the revocation of Driver's license. Officer Robert Rickerd of the Owensville Police Department testified that on January 18, 1998, at about 1:45 a.m., he was traveling behind Driver's vehicle when the vehicle swerved over the center line two or three times. Rickerd stopped Driver. When he approached the vehicle, he smelled a strong alcoholic odor coming from Driver's breath. He also noticed that Driver's eyes were watery, his pupils dilated, and his speech slurred. Rickerd asked Driver to step out of the vehicle to perform some field sobriety tests. As Driver walked from the vehicle, Rickerd noticed he was swaying. Rickerd performed the horizontal gaze nystagmus test and one-legged stand. Driver failed both tests. Rickerd believed Driver was intoxicated and he placed him under arrest. Rickerd then transported Driver to the police station for a breathalyzer test. At the station, Rickerd gave Driver his *Miranda* rights and read him the Implied Consent warning. Rickerd testified that when asked to submit to the breathalyzer test, Driver refused. Rickerd said Driver never requested an attorney.

At the hearing, Driver testified that his wife was with him when he was arrested. When they arrived at the police station, Driver asked her to go call his sister and consult with an attorney. Driver's wife then left the station. Driver admitted that when Rickerd asked him to take the test, he refused. After Rickerd advised him that he lost his license, Driver then changed his mind and told him he would take the test. Driver said he initially refused the test because his wife went to get bond money and the advice of an attorney.

On appeal, the Director contends the trial court erred in setting aside Driver's revocation because the court misinterpreted the law and its decision was against the weight of the evidence. Director points out that Driver initially refused the breathalyzer test and his later agreement to take the test could not prevent his license from being revoked. In response, Driver contends he initially refused the test because he wanted to consult with an attorney and he is entitled to 20 minutes to do so under the statute and further, any failure to allow him to do so violates his constitutional right to counsel.

■ Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* At a court hearing to review the license revocation, the director has the burden of proof. *McMaster v. Lohman*, 941 S.W.2d 813, 815–16 (Mo.App.1997).

■ In a proceeding under section 577.041, the trial court is to determine (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (3) whether the person refused to submit to the test. *Harder v. Director of Revenue*, 969 S.W.2d 340, 341 (Mo.App.1998).

■ Here, the trial court erred in finding Driver had not refused to submit to the breath test. Missouri courts have held that an arrested person does not have a constitutional right to speak to an attorney before deciding whether to take a breath test. *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975); *Albrecht v. Director of Revenue*, 833 S.W.2d 40, 41 (Mo.App.1992). However, under section 577.041.1, a person does have a limited statutory right to confer with counsel prior to making that decision. *Albrecht*, 833 S.W.2d at 41. This time is limited to 20 minutes. Section 577.041.1.

■ However, the limited right to contact an attorney before taking a breath

test is not triggered unless the arrested driver specifically requests to talk with an attorney. *State v. Foster,* 959 S.W.2d 143, 146 (Mo.App.S.D.1998); *Green v. Director of Revenue,* 849 S.W.2d 658, 660 (Mo.App. W.D.1993). In the case at hand, Driver never specifically requested from Officer Rickerd to talk with his attorney. Rickerd testified Driver never made such a request. Driver's own testimony is that he told his wife to consult with an attorney. Driver did not testify that he told Rickerd of this request. He simply refused the breath test. Without a specific request to consult with an attorney directed to Rickerd, Driver did not invoke his limited statutory right to consult with an attorney.

In addition, Driver acknowledged that he refused the test. He stated that he later rescinded that refusal and asked to take the test. However, this is insufficient. Under section 577.041.1, once a driver has refused to submit to a breath test, then "none shall be given." Once it has been determined that a driver has refused to submit to a breath test, the driver's subsequent request or offer, at a later time, to take the test does not alter his or her earlier refusal. *Blanchard v. Director of Revenue,* 844 S.W.2d 589, 590 (Mo.App.1993); *See also, Borgen v. Director of Revenue,* 877 S.W.2d 172, 175 (Mo.App. W.D.1994); *Dudenhoeffer v. Director of Revenue,* 780 S.W.2d 701, 703 (Mo.App. W.D.1989). Therefore, the trial court erroneously applied the law in finding Driver could have rescinded his refusal and its decision is against the weight of the evidence, particularly where Driver admitted he refused to take the test.

Finally, the facts as recited above show Director satisfied its prima facie case concerning whether the arresting officer had reasonable grounds to believe Driver was driving while intoxicated. *See, Epperson v. Director of Revenue,* 841 S.W.2d 252, 255 (Mo.App. W.D.1992). The record would not support a conclusion that the officer lacked reasonable grounds to arrest Driver for driving while intoxicated or that

Driver did not refuse the breathalyzer test. Consequently, the trial court erred in reinstating the driving privileges of Driver. We reverse and remand the cause to the trial court to enter a judgment reinstating the revocation of Driver's driving privileges.

Reversed and remanded.

GARY M. GAERTNER, J., and LAWRENCE G. CRAHAN, J., concur.