Rosalie A. RAY, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 79463.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 2001.

Jan L. Jackson, Jefferson City, MO, for appellant.

Jerry L. Suddarth, O'Fallon, MO, for respondents.

MARY R. RUSSELL, P.J.

The Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Rosalie A. Ray ("Driver"). Director asserts that the trial court erred because he presented uncontroverted evidence establishing a *prima facie* case for revocation of Driver's driving privileges in accordance with section 577.041 RSMo 2000.[1] We reverse and remand.

Driver overturned her small truck in a single-vehicle accident at approximately 9:30 p.m. on August 5, 2000. Skid marks indicated that the truck turned sharply to the left, crossed oncoming traffic, slid for a time on its side, and landed upside down in the ditch. Driver had a large cut on her jaw and other lacerations near her mouth. An ambulance immediately transported her to a nearby hospital.

The responding officer ("Officer") discovered an open bottle of vodka just outside the truck that was approximately three-quarters full. Inside the truck, he found an empty cup that smelled of intoxicants. A computer check of Driver's license revealed that it was suspended, and that she had one previous conviction for driving while intoxicated.

At the hospital, Officer read Driver her Miranda rights. She admitted she had drunk the vodka, and that she was probably intoxicated at the time of the accident, but could not remember. Officer's report indicates that her answers were slurred, which he noted could have been a result of her facial injuries.

Officer informed Driver of her rights under section 577.020, the implied consent law, and asked her to submit a blood sample for determination of her blood alcohol content. Officer's report and narrative indicate that Driver refused to submit the sample at 11:28 p.m. and then requested an attorney at 11:30 p.m. Driver was charged with driving while intoxicated.

At the administrative hearing, the commissioner found that the record did not contain sufficient evidence that Driver refused the breath test and recommended the reinstatement of her driving privileges. The findings were adopted by the trial court. Director timely appeals.

On appeal, Director alleges the trial court erroneously determined that Driver did not refuse the breath test and, as a result, improperly set aside revocation of her license based on that finding. We agree.

■ Driver did not appear at the hearing nor was any evidence or testimony offered on her behalf. "[W]hen the evidence supporting revocation is uncontroverted and the trial court has not specifically found the director's witness incredible, appellate courts will not presume that the trial judge found a lack of credibility and will not affirm on that basis." *Mathews v. Director of Revenue*, 8 S.W.3d 237, 238 (Mo.App.1999). As the trial court did not indicate a finding that Officer was incredible, we cannot make that assumption and must analyze the record accordingly.

We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Anderson v. Director of Revenue*, 969 S.W.2d 899, 901 (Mo.App.1998).

■ In section 577.041 proceedings, the trial court must determine (1) whether the

---

1. All further statutory references are to RSMo 2000.

person was arrested, (2) whether the arresting officer had reasonable grounds to believe the person was driving while intoxicated, and (3) whether the person refused to submit to the test. *Moody v. Director of Revenue*, 14 S.W.3d 729, 731 (Mo.App. 2000). The issue in this case is whether Driver refused to submit a blood sample.

The implied consent law, section 577.020, states that any person who operates a motor vehicle on Missouri's public highways is deemed to have given consent to a chemical test or tests of that person's breath, blood, saliva, or urine to determine the alcohol or drug content of the person's blood when reasonable grounds for that test exist under the circumstances. *See* section 577.020.1(1–4). Section 577.041.1 states that if a person under arrest refuses to submit to a test authorized by section 577.020, then no test will be given and evidence of the refusal will be admissible.

In addition, section 577.041.1 provides:

> If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

A person's right to counsel under section 577.041.1 consists of a limited right to confer with counsel prior to making the decision whether to submit to or to refuse the test. *Moody*, 14 S.W.3d at 731. In this case, Driver first refused the test and requested an attorney two minutes later.

Under section 577.041.1, once a driver has refused to submit to a requested test, then "none shall be given." Indeed, once a driver refuses to submit to a breath or other test, the driver's subsequent acquiescence to the test "does not alter his or her earlier refusal." *Moody*, 14 S.W.3d at 732. The twenty-minute provision was not triggered in this case as Driver initially refused to submit to the test and subsequently asked to call an attorney.

We find the evidence sufficient to support a finding that Driver refused to submit to the test properly requested in accordance with sections 577.020 and 577.041 and that Director sufficiently proved a *prima facie* case. The trial court's judgment is not supported by the evidence. We reverse and remand the cause to the trial court to enter a judgment reinstating the revocation of Driver's driving privileges.

ROBERT G. DOWD, JR., J., and MARY K. HOFF, J., concur.