**Kathleen A. OATES, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 79651.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 2002.

Jeremiah W. (Jay) Nixon, Attorney General, Tina M. Crow Halcomb, Asst. Attor-

ney General, Jefferson City, MO, for appellant.

Kathleen A. Oates, St. Louis, MO, pro se.

PAUL J. SIMON, Judge.

Director of Revenue, ("director"), appeals from the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of respondent, Kathleen A. Oates ("driver"), after director revoked them pursuant to section 577.041, RSMo 2000. We reverse and remand.

At approximately 2:00 a.m. on July 22, 2000, Municipal Officer Jason Balsman ("officer") was at a gas station lot in the City of Crestwood, Missouri, when he observed a 1998 Silver Ford Escort on the lot that appeared to have been involved in a recent accident. Officer observed driver standing beside the vehicle and she appeared to be confused. As the officer approached driver, he noticed a beer can on the ground next to her. Officer also observed that driver was having trouble keeping her balance while standing.

Officer approached driver and asked if the vehicle belonged to her. Driver admitted that she owned the vehicle and that she was involved in an accident. As officer inspected the vehicle, driver walked inside the gas station. Shortly thereafter, driver walked around the north side of the building, ignoring officer as he called to her. When officer followed her, driver ran into a wooded area. After walking along the woodline, officer yelled to driver that she was under arrest for resisting a lawful detention. Driver came out of the woods and gave herself up. Officer placed her in custody, noting that her speech was slurred and her breath carried a "strong odor" of alcohol. Officer also observed that driver was having trouble keeping her balance and walking without assistance. Driver admitted that she had been drink-

ing. Based on these observations, in conjunction with driver's poor performance on three standard field sobriety tests, officer concluded that driver was impaired. Driver volunteered and directed officer to where the accident occurred.

After securing the vehicle, officer took driver to the Crestwood Police Department. At the station, driver refused to consent to a breath test. In addition, driver stated she refused to answer any questions because she knew she was drunk. Because she refused the breath test, director notified driver that her driving privileges would be suspended for one year, pursuant to section 577.041, RSMo 2000. On August 18, 2000, driver petitioned for reinstatement of her driving privileges. After a hearing on March 29, 2001, the Commissioner found that officer was without probable cause to arrest driver for driving while intoxicated. On April 19, 2001, the trial court adopted the Commissioner's findings. Director appeals.

■ A trial court's judgment reinstating a driver's license following a suspension or revocation will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Wampler v. Director of Revenue*, 48 S.W.3d 32, 34 (Mo.banc 2001). In a refusal case, the trial court shall determine only: 1) whether or not the person was arrested; 2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle in an intoxicated condition; and 3) whether or not the person refused to submit to the test. *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. E.D.2001). If the trial court finds any issue not to be in the affirmative, the trial court must order director to reinstate the license. *Id.*

Director argues that the trial court erred in setting aside the revocation of driver's driving privileges because the judgment was unsupported by substantial evidence. Director argues that at the time of driver's arrest, officer had probable cause to arrest driver for driving while intoxicated.

■ Reasonable grounds to arrest driver for driving while intoxicated is virtually synonymous with probable cause to arrest driver. *Id.* In determining whether there were reasonable grounds to arrest driver for driving while intoxicated, the trial court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Id.* "An arresting officer need not actually observe a person driving in order to arrest the person for driving while intoxicated." *Misener v. Director of Revenue*, 13 S.W.3d 666, 668 (Mo.App. E.D. 2000). An arresting officer may establish probable cause that a person was driving from the person's admissions alone. *Id.*

■ The trial court's finding that officer did not have probable cause to arrest driver for driving while intoxicated was unsupported by substantial evidence. Driver admitted to driving and getting into an accident. Driver directed officer to the place of accident. Officer observed that driver smelled strongly of alcohol and was having trouble standing. Driver performed poorly three standard field sobriety tests. Driver did not dispute that she was drunk at the time of the accident. Thus, we conclude that officer had probable cause to arrest driver. Therefore, the trial court erred in setting aside the suspension of the driver's driving privileges.

Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded to the trial court to enter a judgment reinstating the revocation of driver's driving privileges.

WILLIAM H. CRANDALL, JR., P.J. and ROBERT G. DOWD, JR., J., concur.